## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| PAUL THOMPSON, | |
| Plaintiff, | Civil Action No. |
| v. | |
| ROSENDAHL ENTERPRISES, INC. and RICHARD ROSENDAHL, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT

Plaintiff Paul Thompson ("Plaintiff") brings this action against Defendants Rosendahl Enterprises, Inc. ("REI") and Richard Rosendahl (collectively, "Defendants"). Plaintiff alleges that Defendants violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), by misclassifying Plaintiff as an independent contractor and failing to pay him overtime wages at a rate of one-and-one-half his regular rate of pay for all hours worked in excess of forty (40) per week. Plaintiff seeks all unpaid overtime wages, liquidated damages, interest, and reasonable attorneys' fees and costs on his FLSA claim.

Plaintiff shows the Court as follows:

1

## JURISDICTION AND VENUE

1.     Pursuant to 28 U.S.C. § 1331, this Court has federal-question jurisdiction over Plaintiff's FLSA claim.

2.     Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) and Local Rule 3.1 because a substantial part of the events and omissions giving rise to this Complaint occurred within the Atlanta Division of the Northern District of Georgia, where Defendants employed Plaintiff.

## PARTIES

3.     Plaintiff first worked for Defendants as an Installer from approximately April 2019 to approximately January 2021.  Plaintiff again worked for Defendants as an Installer from approximately July 2021 until on or about March 24, 2022.

4.     REI is a Georgia for-profit corporation that is licensed to conduct business in Georgia and transacts business within the Middle District of Georgia. REI may be served with process via its registered agent, Richard Rosendahl, at 4386 Gauntt Road, Loganville, Georgia 30054.

5.     At all relevant times, REI has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A) because it "has employees engaged in commerce or in the production of goods for commerce, or that has employees

2

handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and, upon information and belief, had gross annual revenues in excess of $500,000.00 at all relevant times.

6.      Defendant Rosendahl is the founder and owner of REI and conducts business in the Northern District of Georgia.

7.      At all relevant times, Defendant Rosendahl was Plaintiff's "employer" within the meaning of the FLSA because Mr. Rosendahl: asserted control of REI's day-to-day operations; had ultimate responsibility for the supervision of Plaintiff; and made the decision not to pay Plaintiff overtime wages, in violation of the FLSA.

8.      At all relevant times, Defendants were employers of Plaintiff within the meaning of the FLSA, 29 U.S.C. §§ 201 *et seq*.

## STATEMENT OF FACTS

9.      REI provides shutter-installation and related services for residential customers.

10.     Beginning in approximately April 2019, Defendants employed Plaintiff as an Installer.  As an Installer, Plaintiff's duties included installing shutters and related items for Defendants' customers, in addition to performing other home-construction tasks.

11.     As an example of a typical workday, Plaintiff would arrive at Defendants' workshop in Oxford, Georgia (Newton County) between approximately 7:30 AM and 8 AM.

12.     Plaintiff would receive the jobs that he was to perform via text message from Defendant Rosendahl.  Plaintiff would procure the necessary materials at Defendants' shop, load those materials and any needed tools into the work vehicle, and then drive to the first job site. On those days that Plaintiff did not perform field work, Plaintiff would remain at the shop to perform inventory and to manufacture items needed for future jobs, such as shutters.

13.     On those days when Plaintiff was performing field work, which represented the vast majority of Plaintiff's workdays during the relevant time period, Plaintiff would return to the shop before heading home.  Plaintiff rarely finished work before 5:30 PM.

14.     At all times that Defendants employed Plaintiff, including throughout the three-year period preceding the filing of the Complaint in this matter (the "relevant time period"), Defendants misclassified Plaintiff as an independent contractor.

15.     From approximately April 2019 until approximately September 2019, Defendant paid Plaintiff a regular hourly rate of $14.00.

16.     During that same time period, Plaintiff was not paid overtime at a rate of one-and-one-half times his regular rate for all hours worked in excess of 40 per week.  Instead, Defendants paid Plaintiff straight time for all hours worked.

17.     In approximately September 2019, Defendants began paying Plaintiff a weekly salary of $800, regardless of the number of hours that Plaintiff worked each week.

18.     Beginning in approximately March 2020 and continuing until Plaintiff first resigned his employment with Defendants in approximately January 2021, Defendants paid Plaintiff a weekly salary of $900, regardless of the number of hours that Plaintiff worked each week.

19.     In approximately July 2021, Defendants again employed Plaintiff as an Installer, which position he held until he resigned for the second time on or about March 24, 2022.

20.     From approximately July 2021 until January 2022, Defendants paid Plaintiff a weekly salary of $950, regardless of the number of hours that Plaintiff worked each week.

21.     Starting in approximately January 2022 and continuing until his resignation in March 2022, Defendants paid Plaintiff a weekly salary of $1,000, regardless of the numbers of hours that Plaintiff worked each week.

22.     Throughout the relevant time period, Plaintiff consistently worked substantial hours in excess of 40 each week.  More specifically, Plaintiff consistently worked from approximately 8 AM until at least 5:30 PM, Monday through Friday. Approximately two (2) to three (3) times per week, Plaintiff would work later than 5:30 PM, including as late as approximately 9 PM.

23.     Defendants actively discouraged Plaintiff from taking lunch breaks throughout the relevant time period.  By way of an example, on the one occasion that Plaintiff stopped for lunch during a workday, Defendant Rosendahl questioned why Plaintiff had taken the time to do so and discouraged Plaintiff from stopping for lunch again in the future.  As a result, Plaintiff typically ate lunch in his work vehicle as he traveled between jobs.

24.     Plaintiff estimates that he worked between approximately fifty-five (55) and sixty (60) hours per week throughout the relevant time period.

25.     At all times during Plaintiff's employment with Defendants, Defendants directed Plaintiff's day-to-day job activities, including, without limitation: setting his regular work schedule, setting his rate of pay, assigning his work, and determining his work location.

26.    Defendants also provided materially all the investment in the equipment that Plaintiff used to perform his jobs, including tools, a company vehicle, and a company uniform.

27.    Plaintiff made little, if any, investment in Defendants' business enterprise.

28.    Managerial skill and individual initiative were not material factors in Plaintiff's compensation because, *inter alia*, he: did not supervise other employees; did not make hiring or firing decisions; was assigned job duties by Defendants; and was paid a set hourly rate or weekly salary without regard to the number of hours worked each day or each week.

29.    Defendants had actual knowledge of Plaintiff's hours worked via Defendant Rosendahl's communications with Plaintiff.  These communications included, without limitation, in-person conversations, as well as extensive daily communications via text message regarding work matters and job updates between Plaintiff, Defendant Rosendahl, and other Installers, which text messages often continued late into the evening.

30.    In addition, Defendant Rosendahl had direct knowledge of Plaintiff's hours because Mr. Rosendahl was often at the warehouse with Plaintiff or at Plaintiff's job sites.

31.    Defendant Rosendahl was also aware of the excessive hours Plaintiff worked during the relevant time period because Plaintiff and other Installers complained about those hours to Mr. Rosendahl.  Mr. Rosendahl dismissed those complaints, responding that the excessive hours were "part of the business," or words to that effect.

32.    On information and belief, Defendants violated the FLSA by failing to maintain records of Plaintiff's time worked after Defendants began paying him a weekly salary rather than an hourly wage in approximately September 2019, including all hours worked in excess of 40 per week.

33.    Throughout the relevant time period, Defendants did not compensate Plaintiff for all hours that he worked beyond 40 per week at one-and-one-half times his regular rate of pay.

34.    None of the exemptions from the FLSA's overtime provisions contained in 29 U.S.C. § 213 applied to Plaintiff at any time during the relevant time period.

35.    Defendants' failure to pay Plaintiff one-and-one-half his regular rate of pay for all hours worked in excess of 40 per week was pursuant to a policy and practice of minimizing labor costs by violating the FLSA.

36.    Defendants' FLSA violations were willful and not in good faith.

## COUNT I
### Willful Failure to Pay Overtime Wages in Violation of the FLSA
### (Asserted by Plaintiff against Defendants)

37.    During the relevant time period, Defendants violated the FLSA by misclassifying Plaintiff as an independent contractor and by failing to pay him overtime at a rate of one-and-one-half his regular rate for all hours worked in excess of 40 per week.

38.    None of the exemptions from the FLSA's overtime provisions contained in 29 U.S.C. § 213 applied to Plaintiff at any time during the relevant time period.

39.    At all relevant times, Plaintiff was engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 207.

40.    At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

41.    The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff.

42.    Plaintiff regularly worked substantial hours in excess of 40 per week during the relevant time period.  During this time period, Plaintiff estimates that he worked between approximately 55 and 60 hours per week.

43.     During the relevant time period, Defendants failed to pay Plaintiff at one-and-one-half his regular rate of pay for all hours worked in excess of 40 per week.

44.     As a result of Defendants' willful failure to compensate Plaintiff at a rate of one-and-one-half his regular rate for hours worked in excess of 40 per week, Defendants violated the FLSA.

45.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

46.     Defendants did not make a good-faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

47.     Due to Defendants' willful FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime wages for all of the hours that he worked in excess of 40 per week during the relevant time period, an additional and equal amount as liquidated damages, interest, and his reasonable attorneys' fees and costs of litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and entry of a judgment granting the following relief:

a) A declaratory judgment that Defendants' failure to pay overtime to Plaintiff violated the FLSA;

b) Application of the FLSA's three-year statute of limitations;

c) An award to Plaintiff of all unpaid overtime compensation due under the FLSA;

d) An award to Plaintiff of liquidated damages;

e) An award of prejudgment and post-judgment interest on Plaintiff's claim;

f) An award of costs and expenses of this action, together with reasonable attorneys' and expert fees; and

g) Such other and further relief as this Court deems just and proper.

Respectfully submitted this 9th day of May 2021.

/s/ Michael D. Forrest
Michael David Forrest
Georgia Bar No. 974300
Justin M. Scott,
Georgia Bar No. 557463
Scott Employment Law, P.C.
160 Clairemont Avenue, Suite 610
Decatur, Georgia 30030

Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com
mforrest@scottemploymentlaw.com

Counsel for Plaintiff